```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

ANITA BLAKELY                              CIVIL ACTION

                                           NO. 06-4607
VERSUS
                                           SECTION B(4)
FIDELITY NATIONAL PROPERTY
AND CASUALTY COMPANY
```

                          ORDER AND REASONS

Before the Court is Plaintiff Anita Blakely's Motion to Reconsider and to Alter or Amend Judgment (Rec. Doc. No. 22). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider and to Alter or Amend Judgment is **DENIED.**

                              *BACKGROUND*

Plaintiff owned property located at 3812 Agateway Drive in Harvey, Louisiana. Defendant Fidelity National Property and Casualty Insurance Company ("Fidelity") issued a policy of insurance to Plaintiff covering the property. Fidelity is a Write-Your-Own ("WTO") carrier participating in the Federal Government's National Flood Insurance Program ("NFIP").

Plaintiff's property allegedly sustained extensive damage as a result of Hurricane Katrina. After the storm, Plaintiff submitted a claim to Fidelity for benefits under the NFIP. Fidelity then inspected the property and requested photographs of

1

the property.  On or about June 19, 2006, Defendant informed Plaintiff that it found no evidence of flood water entering Plaintiff's dwelling and that benefits under the NFIP could, therefore, not be extended.  Plaintiff then filed this suit in order to obtain benefits under the policy.

On November 15, 2007, Defendant Fidelity filed a Motion for Summary Judgment alleging that Plaintiff was not entitled to any benefits under the policy nor any damages for negligent claims handling (Rec. Doc. No. 16).  This motion was set for hearing on December 12, 2007.  Plaintiff filed no opposition to the Motion, and it was granted on December 13, 2007 (Rec. Doc. No. 21).  On January 8, 2007, Plaintiff filed this Motion for Reconsideration and to Alter or Amend Judgment (Rec. Doc. No. 22).

Plaintiff contends that under Fed. R. Civ. Pro. 60(b), her neglect in failing to respond to Defendant's Motion is excusable and that summary judgment is not proper in this case.

Defendant argues that Plaintiff's justifications for her failure to respond are insufficient to warrant relief under Rule 60(b).  Additionally, Defendant contends that even considering Plaintiff's proposed opposition to the Motion for Summary Judgment, Defendant is still entitled to summary judgment on the merits.

### *DISCUSSION*

Fed. R. Civ. Pro. 60(b) provides in pertinent part: "On motion and just terms, the court may relieve a party or its legal

representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...or (6) any other reason that justifies relief." Fed. R. Civ. Pro. 60(b).  Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for Rule 60(b) relief.  *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).  On the other hand, a party should not be punished for his attorney's mistake absent "a clear record of delay, willful contempt or contumacious conduct."  *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980).  In order to obtain relief under Rule 60(b), a party must show "that its failure to file a timely answer or otherwise defend resulted from justifiable neglect and that a fair probability of success on the merits existed if the judgment were to be set aside."  *Fed. Sav. and Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988).

With regard to justifiable neglect, Plaintiff alleges that the reason she failed to respond to the Defendant's Motion for Summary Judgment is that Plaintiff's counsel failed to timely receive notice that the motion had been electronically filed.  This was due to confusion involving the secretaries in his office at the time the motion was filed followed by a computer crash in the days following the electronic filing.  The Court notes that Plaintiff's counsel has the responsibility of ensuring that his office functions properly.  At the same time, however, there is no

evidence of willful misconduct or gross carelessness on Plaintiff's counsel's part. Thus, the Court finds that the neglect of Plaintiff's counsel in the preset case was excusable.

The Court will now analyze the second factor in the Rule 60(b) analysis, Plaintiff's likelihood of success on the merits if the dismissal of her claim is set aside. In support of its Motion for Summary Judgment, Defendant alleges that Plaintiff is precluded from recovering benefits under the policy because she failed to file a proof of loss before filing suit. Additionally, Defendant claims that Plaintiff's claims for negligent claim handling should also be dismissed because such claims are preempted by the National Flood Insurance Act.

With regard to Plaintiff's claim for benefits under the policy, the NFIP requires that an insured submit a proof of loss within 60 days of the loss in order to recover damages under a flood policy. *See* 44 C.F.R. 61 App. A, Art. VII(J). This requirement is also a prerequisite to later filing suit for benefits under the policy. *See* 44 C.F.R. 61 App. A, Art. VII(R). On August 31, 2005, in the aftermath of Hurricane Katrina, this proof of loss requirement was waived for individuals who did not disagree with their insurer's estimate of damages. *See* FEMA, Waiver of the Proof of Loss Requirement in the Standard Flood Insurance Policy (SFIP)(Aug. 31, 2005). For those who disagreed with the adjustment, the deadline to file the proof of loss was

extended form 60 days to 1 year after the loss.  *See id*.

In the present case, Defendant calculated Plaintiff's flood loss to be zero because it determined that Plaintiff's house had not flooded.  Plaintiff does not dispute that she disagreed with this adjustment.  Thus, pursuant to the August 31, 2005 extension, she was required to file a proof of loss within one year.  There is no evidence in the record that she filed such proof of loss within the requisite time period.  Plaintiff argues, instead, that Defendant is attempting to use the proof of loss requirement as a hypertechnical defense to the lawsuit and that her failure to provide a formal proof of loss should not result in a waiver to proceed.  Under clear Fifth Circuit precedent, however, strict compliance with the proof of loss requirement is necessary in order for an insured to bring suit for benefits.  As the Court held in *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998), "an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." Courts in the Eastern District have followed this holding in cases involving claims for flood damages in the aftermath of Hurricane Katrina.  *See Newlin v. Fidelity Nat. Prop. and Cas. Ins. Co.*, 2007 WL 1466819, *3 (E.D. La. 2007)("Plaintiffs failed to file a Proof of Loss within the one-year extension allowed by FEMA.  Thus, as a matter of law, such a failure to timely file a proof of loss is

fatal to Plaintiffs' instant claim...."); *Richardson v. Paulison*, 2007 WL 647289 (E.D. La. 2007). Thus, the Court finds that Plaintiff's failure to file a proof of loss precludes her from now filing suit for benefits under the policy. Plaintiff's arguments in opposition to Defendant's Motion for Summary Judgment regarding her entitlement to benefits lack merit.

Defendant's Motion for Summary Judgment also sought dismissal of Plaintiff's claims for negligent claim handling. The Fifth Circuit has held that such claims are not authorized under the National Flood Insurance Act. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005). Plaintiff essentially concedes that such claims are barred. Thus, the Court finds that Plaintiff is unlikely to succeed on the merits of her claim for negligent handling.

In sum, although the Court finds excusable neglect in Plaintiff's failure to timely respond to Defendant's Motion for Summary Judgment, the Court finds also that it is unlikely that Plaintiff will succeed on the merits if the Order granting summary judgment is set aside.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment and to Alter or Amend Judgment is **DENIED**.

New Orleans, Louisiana this 13th day of February, 2008.

*[signature]*

UNITED STATES DISTRICT JUDGE